# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

FILED

SEP 21 2010

WILLIAM B. GUTHRIE
Clerk, U.S. District Court

By_____
Deputy Clerk

MARTY R. ARDIZZONE, )
 )
 Petitioner, )
 )
v. ) Case No. CIV 09-325-RAW-KEW
 )
JUSTIN JONES, DOC DIRECTOR, )
 )
 Respondent. )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional Center in Holdenville, Oklahoma, is challenging his 1983 misconduct for Successful Escape from the Lawful Custody of the Department of Corrections, which resulted in his loss of 291 earned credits. The respondent alleges, among other things, that the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year limitations period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

The record shows that petitioner received a disciplinary report at the Stringtown Correctional Center, now called the Mack Alford Correctional Center, on March 7, 1983, for the offense of Escape, when he was missing at a bed count on March 5, 1983. Following an investigation, he was present at his March 8, 1983, disciplinary hearing. Punishment was imposed, and the facility head reviewed and approved the decision. Although petitioner was disciplined with the revocation of his earned credits, his life sentence means he does not receive earned credits. *See* Okla. Stat. tit. 57, § 138. In 2008 petitioner filed an appeal of the disciplinary proceedings, but it was denied as untimely, as were his attempts at state court relief.

The court finds the limitations period began to run when the factual predicate of the claim could have been discovered through the exercise of due diligence, which was when petitioner was found guilty of the misconduct in 1983. *See* 28 U.S.C. § 2244(d)(1)(D). Because petitioner's misconduct proceedings were held prior to enactment of the AEDPA, he had until April 24, 1997, to initiate this habeas corpus action. *See United States v. Hurst*,

2

322 F.3d 1256, 1261 (10th Cir. 2003); *Hoggro v. Boone*, 150 F. 3d 1223, 1226 (10th Cir. 1998). This petition was filed on August 26, 2009, so it clearly was untimely.

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition as barred by the statute of limitations [Docket #9] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 21st day of September 2010.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**